UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY ALAN MARR,

    Applicant,

v.                                        CASE NO. 8:15-cv-134-T-23TGW

SECRETARY, Department of Corrections,

    Respondent.
                                  /

## **O R D E R**

Marr applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges the validity of his state convictions for robbery, fleeing or eluding an officer, resisting an officer with violence, and possession of cocaine, for which convictions he is imprisoned for life as a habitual felony offender and prison releasee re-offender. Marr supports his application with exhibits ("Petitioner's Exhibit __") primarily from the post-conviction proceedings. (Doc. 1) Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 10) The respondent correctly argues that the application is time-barred.

Under the Anti-Terrorism and Effective Death Penalty Act, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion

of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Marr's conviction was final on August 4, 2009,[1] and the limitation expired one year later, absent tolling for a state post-conviction proceeding. Marr let 226 days elapse before filing a state Rule 3.800 motion to correct illegal sentence on March 18, 2010. (Respondent's Exhibit 6) Tolling continued until February 11, 2011, when the mandate issued.[2] (Respondent's Exhibit 15) Marr had 139 days remaining (365 - 226 = 139). The deadline for applying under Section 2254 was June 30, 2011 (February 11, 2011 + 139 days = June 30, 2011).

On April 4, 2011, Marr filed a motion under Rule 3.850 for post-conviction relief. The motion was stricken with leave to amend because the motion exceeded the fifty-page limit by twenty pages. Marr's amended motion, which was fifty-two pages, was stricken for the same reason because Marr supplemented the amended motion with an additional eighteen pages. Marr's second amended motion, which

---

[1] Marr's direct appeal concluded on May 6, 2009. (Respondent's Exhibit 4) The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

[2] Marr's petition under Rule 9.141, Florida Rules of Appellate Procedure, for the writ of habeas corpus, in which he alleged the ineffective assistance of appellate counsel, was both filed and denied while the state Rule 3.800 motion was pending. As a consequence, the federal one-year limitation is unaffected by the Rule 9.141 petition. (Respondent's Exhibits 17 and 18)

was also supplemented, totaled eighty-two pages. As a consequence, the motion was denied with prejudice for failing to comply with the rules governing the length of a motion under Rule 3.850.

Under Section 2244(d)(2) an applicant must "properly file" a state motion for post-conviction relief to qualify for tolling. *Artuz v. Bennett*, 531 U.S. 4, 8–9 (2000) (italics original) (citations omitted), explains the meaning of "properly filed:"

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.
>
> [I]f, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be pending, but not properly filed.

Because the state court rejected his motions for violating the court's rules, Marr's motions under Rule 3.850 for post-conviction relief were not "properly filed" and failed to toll the limitation. As a consequence, Marr's limitation deadline remained June 30, 2011. Marr applied under Section 2254 on January 16, 2015, more than three years late.

Alternatively, Marr's application is untimely even if afforded tolling for the Rule 3.850 motions. As determined above, Marr let 226 days elapse before he filed his initial Rule 3.800 motion to correct illegal sentence on March 18, 2010, and he had 139 days of the limitation remaining. Marr let an additional 52 days elapse after

that proceeding concluded before he filed his initial "improperly filed" Rule 3.850 motion on April 4, 2011. This left Marr with 87 days of the limitation remaining (365 days - 226 - 52 = 87 days). On June 5, 2014, the mandate issued on the appeal from the denial of the Rule 3.850 motions, but while that appeal was pending Marr had filed a second motion under Rule 3.800 to correct an illegal sentence, which would toll the limitation and which concluded with the issuance of a mandate on October 17, 2014. (Petitioner's Exhibit E-5) The deadline for applying under Section 2254 was January 12, 2015 (October 17, 2011 + 87 days = January 12, 2015). Marr applied under Section 2254 on January 16, 2015, untimely even if afforded tolling for the "improperly filed" Rule 3.850 motions.

Accordingly, the application for the writ of habeas corpus (Doc. 1) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Marr and **CLOSE** this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Marr is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Marr must show that reasonable jurists would find debatable both (1) the merits of

the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Marr cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because Marr is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Marr must pay the full $505 appellate filing fee unless the circuit court allows Marr to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 22, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE