UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY ALAN MARR,

    Applicant,

v.                                                      CASE NO. 8:15-cv-134-SDM-TGW

SECRETARY, Department of Corrections,

    Respondent.
_____/

**<u>ORDER</u>**

In 2018 an earlier order (Doc. 20) dismisses Marr's untimely application under 28 U.S.C. § 2254 for the writ of habeas corpus and another order (Doc. 26) denies Marr's motions (Docs. 22 and 23) under Rule 59(e) and 60(b), Federal Rules of Civil Procedure. In 2019 the circuit court declined to issue a certificate of appealability after concurring with both the timeliness calculation and the absence of entitlement to equitable tolling. (Doc. 29)

In 2020 Marr again moved under Rule 60(b) (Doc. 30), which the district court denied. (Doc. 33) Both the district court and the circuit court declined to issue a certificate of appealability, and the Supreme Court declined review on *certiorari*. (Docs. 36, 39 and 40)

In 2022 Marr again moved under both Rule 59(e), another he amended, and Rule 60(b). (Docs. 41, 42, and 45) The district court denied the motions, and the circuit court dismissed the appeal for failure to prosecute. (Docs. 46 and 49)

In 2023 Marr files his sixth post-judgment motion and asserts that "the prosecution committed a fundamental Error" (Doc. 51 at 1) because the state introduced evidence that was both inadmissible and prejudicial. Because this action was dismissed as time-barred, the merits of Marr's grounds are not reviewable. Moreover, the current motion is untimely under Rule 60(c)(1). Marr must cease attempting to challenge the district court's judgment (Doc. 21) entered more than five years ago.*

Marr's motion (Doc. 51) Rule 60(b) is **DENIED**.

### DENIAL OF BOTH
### A CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Marr must obtain a certificate of appealability ("COA") to appeal the denial of a motion under Rule 60, Federal Rules of Civil Procedure. *Jackson v. Crosby*, 437 F.3d 1290, 1294–95 (11th Cir. 2006) ("It is still the law of this circuit that a 'certificate of appealability is required for the appeal of any denial of a Rule 60(b)

---

* Marr is cautioned that, if necessary, a court can exercise the inherent judicial authority to sanction an abusive litigant. Section 944.279, Florida Statutes, provides that "[a] prisoner who is found by a court to have brought a frivolous or malicious suit, action, claim, proceeding, or appeal in any court of this state or in any federal court . . . is subject to disciplinary procedures pursuant to the rules of the Department of Corrections." The district court, based on the present motion, is neither imposing a sanction nor referring the matter to the Department of Corrections but will consider imposing a sanction if Marr persists in filing meritless motions.

motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.'") (quoting *Gonzalez v. Sec'y, Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004), *aff'd* 545 U.S. 524 (2005)).

Marr is not entitled to a COA. A prisoner applying under Section 2254 has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Marr must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Marr is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Marr must obtain authorization from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on July 13, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE